N.R. SMITH, Circuit Judge,
concurring in the judgment:
On appeal, when reviewing a district court’s order granting a motion to dismiss, all allegations of material fact in the complaint must be taken as true and construed in the light most favorable to the nonmov-ing party. See Knievel v. ESPN, 393 F.3d 1068, 1072 (9th Cir.2005). In his complaint, Gutierrez alleged that the definition of “tax service fee” in the Settlement Cost Booklet did not permit Wells Fargo to charge him a fee connected to the payment of property taxes. In its motion to dismiss, Wells Fargo asserted that its prac *911 tices complied with its interpretation of the definition of “tax service fee.”
In making its decision, the majority improperly accepts Wells Fargo’s arguments and declares that Wells Fargo has acted in accordance with its interpretations of whatever obligations the “tax service fee” provision imposes upon it. It cites no precedent defining the term “tax service fee.” It engages in no statutory construction of alleged statutes or regulations nor any interpretation of alleged contractual terms. On this limited record and considering our role at the motion to dismiss phase, the majority offers no reason that Wells Fargo’s interpretation of the Settlement Cost Booklet is correct as a matter of law. Applying the standard of review for a motion to dismiss, Gutierrez’s interpretation is more than equally plausible.
The district court took the reasoned approach to the resolution of this case. Gutierrez cites no authority for the proposition that the Settlement Cost Booklet controls Wells Fargo’s conduct. Gutierrez has never articulated a legal theory as to why Wells Fargo’s practices must comply with the definition of “tax service fee” in the Settlement Cost Booklet. Gutierrez abandoned his breach of contract claim on appeal, so he cannot argue that the Settlement Cost Booklet became part of his contract with Wells Fargo. Gutierrez has not alleged that Wells Fargo’s conduct was illegal. Instead, Gutierrez’s complaint assumes that the Settlement Cost Booklet is legally binding on Wells Fargo, as if it were a binding regulation of the Real Estate Settlement Procedures Act. However, the Act’s governing regulations specifically disclaim any regulatory role for the Settlement Cost Booklet. See 24 C.F.R. § 3500.4(a)(2) (stating the regulations under the governing statute “shall not include the special information booklet prescribed by the Secretary”).[1] Therefore, Gutierrez failed to state a plausible claim for relief, and the district court did not err when it dismissed Gutierrez’s complaint.

. This provision has since been recodified at' 12 C.F.R. § 1024.4.